**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jane Doe (E),
Plaintiff,

v.

Heartland Ivy Partners, LLC, et al.,
Defendants.

Case No. 0:25-cv-01215-JRT/DLM

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and its inherent authority, the Court hereby orders the entry of the following Protective Order in this matter.

**I. DEFINITIONS**

A. "Action" means Jane Doe (E) v. Heartland Ivy Partners, LLC, et al., presently pending in the United States District Court of Minnesota.

B. "Party" means any party named in this Action.

C. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

D. "Plaintiff's Identity" means: (i) Plaintiff's name; (ii) Plaintiff's date of birth; (iii) Plaintiff's social security number; (iv) Plaintiff's current and prior residential addresses; (v) Plaintiff's phone numbers; (vi) Plaintiff's likeness; and (vii) the names of Plaintiff's biological or adoptive parents, and biological siblings.

E. "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) potentially sensitive personal identifying or financial information, including

but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information; (ii) any trade secret, confidential research, development, commercial, or competitively sensitive information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.; and (iii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" which is separately addressed in Section III(C) and Section VI.

F. "Highly Confidential Information" means Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains trade secrets or proprietary information that has been maintained as non-public or confidential.

G. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL."

H. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in response to a discovery request issued in this case.

I. "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are

employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

J. "In-House Counsel" means Attorneys who are employees of a Party.

K. "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

L. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

M. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

N. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" as provided for in this Order.

O. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

P. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

Q. "Professional Vendors" means persons or entities that provide litigation, jury research, focus group, or similar support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping,

translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

**II. REPRESENTATION, SCOPE AND DURATION**

A. Plaintiff represents that she believes in good faith that the alleged trafficker(s), Anton Lazzaro and Gisela Castro Medina, and the traffickers' associates present an ongoing threat to Plaintiff's safety and the safety of her family members and that the disclosure of Plaintiff's Identity within the context of this Action will increase that threat. Plaintiff further represents that Plaintiff's Identity has not been disclosed in conjunction with this Action, that Plaintiff and her attorneys and representatives have not made and will not make any public statements regarding any of the Parties to or allegations in this Action. Plaintiff acknowledges and agrees that the representations in this paragraph II.(A) are material to the entry of this Protective Order.

B. The protections conferred by this Order cover not only Discovery Material but also (i) all copies, excerpts, summaries, or compilations of Discovery Material; and (ii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

C. This Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

D. This Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

E. To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any non-party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

F. Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material, at the option of the Designating Party. Additionally, the parties should keep their respective files intact, including confidential materials until such time as the statute of limitations has expired for professional malpractice claims.

G. All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Documents and will continue

to be bound by this Protective Order with respect to all such retained information. Further, the party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.

H. Attorney work product may be used in related, concurrent and/or subsequent litigation, provided that such use does not disclose Protected Documents, or any information contained therein. Further, this Protective Order does not prohibit counsel from using in future proceedings affidavits or transcripts of testimony at depositions, hearings, or trials solely to assist in the recollection of testimony or for the impeachment of a witness, provided that any Confidential Information contained in such affidavit or transcript is redacted or otherwise not disclosed to persons who are not authorized by this Protective Order to receive it.

**III. USE AND DISCLOSURE**

A. All information designated "CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party.

B. Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

i. The Parties listed in Paragraph I.B including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses.

ii. Former employees, officers, and representatives of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iii. Current and former contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iv. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

v. Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses;

vi. The Court and Court personnel;

vii. Court reporters, recorders, and videographers engaged for depositions;

viii. Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

ix. Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who executes the Acknowledgment & Agreement to Be Bound

attached to this Protective Order attached to this Protective Order as Exhibit A;

x. A person identified in the document marked "CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "CONFIDENTIAL";

xi. Professional Vendors who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xii. Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

xiii. In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Confidential Information if the Non-Party deponent and the Non-Party deponent's counsel first execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Confidential Information following the deposition; and

xiv. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

C. Access to "PLAINTIFF'S IDENTITY" information shall be limited to, and only

to, the following:

i. The Parties listed in Paragraph I.B including the current employees, officers, and representatives of the Parties as a Party in good faith believes may be helpful or informative in investigating or litigating any claims or defenses;

ii. Law enforcement agencies and agency personnel, but only to the extent that a Party in good faith believes that the disclosure of Plaintiff's Identity may be helpful or informative in investigating or litigating any claims or defenses or to comply with any Party's discovery obligations or requirements. To the extent that Discovery Materials are obtained, a copy shall be provided to all Parties upon receipt so long as the Discovery Materials are responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that a Party may have to discovery requests or the production of Discovery Materials pursuant to this provision;

iii. Former employees, officers, contractors and representatives of the Parties, who counsel for a Party in good faith believes may have relevant information or may be called to testify at trial or deposition in this action;

iv. Current and former contractors of the Parties, who counsel for a Party in good faith believes may have relevant information or may be called to testify at trial or deposition in this action and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

v. Any witness who Counsel for a Party in good faith believes may have relevant information or may be called to testify at trial or deposition in this action;

vi. Counsel for the Parties, retained specifically for this action and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

vii. Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

viii. The Court and Court personnel;

ix. Court reporters, recorders, and videographers engaged for depositions;

x. Any custodian of records;

xi. Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

xii. Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order attached to this Protective Order as Exhibit A;

xiii. Professional Vendors retained by Outside Counsel of Record in this Action who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xiv. Government agencies and agency personnel, but only to the extent that a Party in good faith believes the disclosure of Confidential Information may be helpful or informative in investigating or litigating any claims or defenses or to comply with any obligations or requirements. To the extent that Discovery Materials are obtained, a copy shall be provided to all Parties upon receipt so long as the Discovery Materials are responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that a Party may have to discovery requests or the production of Discovery Materials pursuant to this provision;

xv. The Plaintiff's trafficker and/or the trafficker's associates that have been specifically identified by Plaintiff, but only after providing 7-day notice to the Plaintiff of the intention to contact the trafficker or the trafficker's associates to permit Plaintiff to seek further protection from the Court should it be necessary. The Plaintiff's Identity will be revealed to the trafficker and/or associates only to the extent a Party believes such disclosure is likely to be helpful or informative in investigating or litigating Plaintiff's claims or defenses. Plaintiff's and Plaintiff's family's physical location will never be disclosed to Plaintiff's trafficker and/or the trafficker's associates; and

xvi. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

D. Disclosure of "HIGHLY CONFIDENTIAL" Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any "Highly Confidential" material only to:

i. the Receiving Party's counsel of record in this action, as well as employees of counsel and contract attorneys of counsel that have been assigned work in this matter to whom it is reasonably necessary to disclose the information for this litigation;

ii. experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii. the Court, Court personnel, court reporters, videographers, and their staff;

iv. professional vendors, including copy or imaging services, retained to assist with the "Highly Confidential" material, provided that the Party retaining the vendor instructs the vendor not to disclose any "Highly Confidential" material to third parties and to immediately return all originals and copies of any "Highly Confidential" material;

v. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

vi.